IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| PATRICIA DIANE BRADLEY,<br><br>                *Plaintiff*<br>v.<br><br>J&J FOODS, INC.,<br><br>                *Defendant* | Civil Action File No. 2:11-CV-0335-WCO |

**COMPLAINT FOR DAMAGES**

Plaintiff Patricia Diane Bradley files this Complaint against her former employer Defendant J&J Foods, Inc. for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq., the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended, and the Family Medical Leave Act, 29 U.S.C. §2601 et seq., as amended, showing the Court as follows[1]:

**Jurisdiction and Venue**

1. The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4) and 29 U.S.C. § 216(b).

---

[1] Plaintiff has not yet received her Notice of Right to Sue the Defendant for violation of the Americans with Disabilities Act. At such time as Plaintiff receives the right to sue the Defendant for violation of the Americans with Disabilities Act, Plaintiff will amend this lawsuit to include the Notice of Right to Sue.

- 1 -

2. Defendant may be served pursuant to Federal Rule of Civil Procedure 4(h) by service upon its registered agent in the State of Georgia, Mr. Randall Frost, 200 Main Street, Suite 600, Hunt Tower, Gainesville, GA 30501. After service, Defendant shall be subject to the *in personam* jurisdiction of this Court.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is a corporation that is deemed to reside in this judicial district under 28 U.S.C. § 1391(c) and a substantial part of the events giving rise to Plaintiff's claim against Defendant occurred in this district.

4. Venue in the Gainesville Division of the Northern District of Georgia is proper because all or part of the activity at issue occurred within this division. LR 3.1 B.(3), NDGa.

## Factual Allegations

5. At all times relevant to this Complaint, Defendant has maintained offices and conducted substantial business in Georgia. Defendant registered with the Georgia Secretary of State to do business in Georgia in 1986 and has remained so registered since that time.

6. Defendant owns and operates grocery stores.

7. Plaintiff was employed by Defendant as the Director of Human Resources from approximately August 2009 until January 4, 2010.

8. Plaintiff's office was located at Defendant's Gainesville, Hall County, Georgia location.

9. As Director of Human Resources, Plaintiff attempted to ensure compliance with the federal laws described herein.

10. In response to Plaintiff's attempts to ensure compliance with the federal laws described herein, Defendant reacted negatively toward Plaintiff, gave her numerous unwarranted write-ups, and eventually terminated her.

### **Fair Labor Standards Act ("FLSA")**

11. Defendant is an enterprise engaged in interstate commerce pursuant to §3(s) of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 203(s)(1)(B), because its annual gross sales or business done exceeds $500,000.00 and its "employees engage[] in commerce" or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

12. Defendant is and was at all times relevant to this Complaint an employer as defined by § 3(d) of the Act, 29 U.S.C. § 203(d).

13. Defendant is governed by and subject to Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, 215.

14. Because of her human resources experience, shortly after she began working for Defendant, Plaintiff realized that the job duties she was actually performing were not exempt duties.

15. The majority of Plaintiff's time was spent handling payroll, forwarding claims and doctors' bills to workers' compensation and general liability insurers and completing the forms associated with the claims, maintaining employee files and benefits billing.

16. Throughout her employment by Defendant, Defendant classified Plaintiff as exempt from the FLSA's overtime requirements, and Plaintiff was Defendant's "employee" as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e). Until her termination, Defendant paid Plaintiff a fixed salary.

17. Plaintiff was not employed by Defendant in an executive, administrative, or professional capacity pursuant to 29 U.S.C. § 213(a)(1) and was not subject to any other exemptions contained in the FLSA or in any regulations interpreting the FLSA during her employment.

18. During her employment, Defendant required or permitted Plaintiff to work overtime, i.e., in excess of 40 hours per week.

19. Defendant failed to pay Plaintiff for any overtime worked.

20. Throughout Plaintiff's employment, Defendant, through its agents and employees, refused to permit Plaintiff to record all hours worked, including hours in excess of forty per work week and modified Plaintiff's recorded hours.

21. While Plaintiff was required to "clock in," Defendant required that Plaintiff decrease her actual hours worked per week to 40 on the Payroll System FMS. Defendant also required that Plaintiff decrease the actual hours worked by other employees.

22. Plaintiff reported her concerns about FLSA violations to President Darrell Wiley and Vice-President of Retail Operations Randy Jordan, including her concern that, given the duties she was performing, she should not be classified as exempt under the FLSA, and her concern that doctoring employees' time records was improper under the FLSA and her concern that Defendant administered holiday and vacation time in such a manner as to violate the FLSA.

23. Plaintiff's FLSA complaints were not well-received. Mr. Jordan advised that J&J Foods might not be the right place for Plaintiff and that he doubted she would be successful there.

24. Shortly after her FLSA reports, Plaintiff received a retaliatory write up complaining that Plaintiff was "trying too hard" when she offered to help retired owner Johnnie Wiley carry a large box of grapes because his hands were full.  Darrell Wiley and Randy Jordan told Plaintiff that they received complaints about her.  But, they were unable to provide her with any specifics about complaints and Plaintiff had received positive feedback from managers.

## Americans with Disabilities Act ("ADA")

25. Shortly after the write-up referenced in Paragraph 26 above, Plaintiff was made aware that the Limestone Parkway store manager and assistant manager rehired a former employee who had been terminated when he left to have hernia surgery.

26. Mr. Wiley and Mr. Jordon were aware that the store managers made the decision to rehire the former employee.

27. The rehired employee at issue presented a doctor's excuse indicating that he could return to work.

28. Upon learning of the rehiring, Mr. Jordon indicated that he wanted to terminate the employee because he thought the hernia surgery might cause health problems that would create liability for Defendant.  Mr. Jordon and

Mr. Wiley expressed concerns about allowing the employee to come back to work because of potential future injuries or workers' compensation claims.

29. Plaintiff was concerned that it would violate the ADA to terminate the employee solely because he had just had hernia surgery.

30. Plaintiff contacted the Society for Human Resource Management ("SHRM") to inquire about the situation. SHRM confirmed that it would violate the ADA to terminate the employee because of the surgery. SHRM also stated that a job offer had been made and that terminating the associate after he provided Defendant with documentation that he had been fully released to return to work with no restrictions by his health care provider could place Defendant at risk for perceiving the employee as disabled.

31. Plaintiff advised Defendant of her concerns that firing the employee would violate the ADA.

32. Defendant terminated the employee despite Plaintiff's stated concerns.

33. Plaintiff also advised Defendant that terminating another employee who had received medical clearance to work would violate the ADA.

34. On November 5, 2009, Plaintiff was unfairly written up for her attempts to convince Respondent to comply with the ADA.

35. The November 5, 2009 write-up was without merit and illegally motivated.

## Family and Medical Leave Act ("FMLA")

36. In another instance, Plaintiff was reprimanded for advising an employee of his FMLA rights.

37. Defendant's managers/owners looked down on and judged employees for taking sick time or leave time. Defendant's managers/owners instructed Plaintiff not to contact employees and make them aware when they were eligible for FMLA leave or short term disability benefits.

38. Plaintiff was later terminated on January 4, 2010 in retaliation for her repeated reports to Defendant concerning Defendant's lack of compliance with the FLSA, ADA and FMLA.

## Count I—Claim for Unpaid Overtime (Violation of 29 U.S.C. § 207)

39. Plaintiff incorporates the preceding paragraphs of this Complaint in this Count I by reference as if they were fully stated herein.

40. Defendant violated Section 7 of the FLSA, 29 U.S.C. § 207, by failing and refusing to pay all earned overtime wages as required by law to Plaintiff, who was a non-exempt employee.

41. Defendant's violation of the FLSA was "willful," as defined by the Act, and Defendant's failure and refusal to comply with the FLSA constitutes a

willful violation of Section 7(a) of the FLSA, 29 U.S.C. 207(a), for purposes of determining the applicable statute of limitations under 29 U.S.C. § 255(a).

42. Plaintiff is entitled to all such unpaid overtime compensation and an additional, equal amount as liquidated damages, for all uncompensated, overtime hours worked by her at any time during the three-year period immediately preceding the filing of this lawsuit pursuant to Section 16 of the FLSA, 29 U.S.C. § 216.

## Count II—Claim for Retaliation (Violation of 29 U.S.C. § 215)

43. Plaintiff incorporates the preceding paragraphs of this Complaint in this Count II by reference as if they were fully stated herein.

44. Plaintiff was and is entitled by Section 15 of the FLSA, 29 U.S.C. § 215, to engage in and assert FLSA protected activities and rights without retaliation.

45. Plaintiff's oral inquiries and complaints regarding the compliance with FLSA are protected activities under Section 15 of the FLSA.

46. Defendant terminated Plaintiff as retaliation for ensuring compliance of FLSA and challenging Defendant's illegal and improper overtime practices.

47. Defendant did not terminate Plaintiff for good cause or on lawful grounds.

48. As a result of Defendant's illegal retaliation, Plaintiff is entitled to recover all "relief as may be appropriate to effect the purposes of" the FLSA's anti-retaliation provision. 29 U.S.C. § 216(b).

49. Plaintiff is specifically entitled to her lost wages, including both front and back pay, liquidated damages in an equal amount, attorneys' fees, prejudgment interest, and the costs of this litigation as a result of Defendant's retaliation.

### Count III—Claim for Retaliation (Violation of ADA)

50. Plaintiff incorporates the preceding paragraphs of this Complaint in this Count III by reference as if they were fully stated herein.

51. Plaintiff was and is entitled by 42 U.S.C. §12203(a), to engage in and assert ADA protected activities and rights without retaliation.

52. Plaintiff's oral inquiries and complaints regarding the compliance with ADA are protected activities.

53. Defendant terminated Plaintiff as retaliation for attempting to ensure compliance with the ADA and challenging Defendant's illegal and improper practices.

54. Defendant did not terminate Plaintiff for good cause or on lawful grounds.

55. As a result of Defendant's illegal retaliation, Plaintiff is entitled to recover lost wages, including back pay and front pay, compensation for pecuniary losses (past and future), lost benefits, lost retirement compensation, emotional pain, suffering, inconvenience, and mental anguish and loss of enjoyment of life, past, present and future, punitive damages, attorneys' fees and expenses of litigation.

### **Count IV—Claim for Retaliation (Violation of FMLA)**

56. Plaintiff incorporates the preceding paragraphs of this Complaint in this Count III by reference as if they were fully stated herein.

57. Plaintiff was and is entitled by 29 U.S.C. §2615, to engage in and assert FMLA protected activities and rights without retaliation.

58. Plaintiff's oral complaints regarding the compliance with FMLA are protected activities.

59. Defendant terminated Plaintiff as retaliation for attempting to ensure compliance of FMLA and challenging Defendant's illegal and improper practices.

60. Defendant did not terminate Plaintiff for good cause or on lawful grounds.

61. As a result of Defendant's illegal retaliation, Plaintiff is entitled to recover Under the FMLA damages in the amount of "any wages, salary, employment

benefits, or other compensation denied or lost to such employee by reason of the violation," as well as "interest on the amount…" and "such equitable relief as may be appropriate." 29 U.S.C. § 2617 (a)(1)(A). In addition to any judgment award to the plaintiff, the defendant shall also pay reasonable attorney's fees and other costs of the action. Id.

Wherefore, Plaintiff prays

(a) that process issue against Defendant as provided by law;

(b) that, as to Count I, the Court enter judgment against Defendant and in favor of Plaintiff for her unpaid overtime wages pursuant to 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, prejudgment interest, court costs, and reasonable attorneys' fees, all as provided by 29 U.S.C. § 216;

(c) that, as to Count II, the Court enter judgment against Defendant and in favor of Plaintiff for her lost wages, including both front and back pay, liquidated damages in an equal amount, attorneys' fees, prejudgment interest, and the costs of this litigation; and

(d) that, as to Count III, the Court enter judgment against Defendant and in favor of Plaintiff for her lost wages, including back pay and front pay, compensation for pecuniary losses (past and future), lost benefits, lost

retirement compensation, emotional pain, suffering, inconvenience, and mental anguish and loss of enjoyment of life, past, present and future, punitive damages, attorneys' fees and expenses of litigation.

(e) that, as to Count IV, the Court enter judgment against Defendant and in favor of Plaintiff for any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation," as well as "interest on the amount…" and "such equitable relief as may be appropriate" and her reasonable attorneys' fees and other costs of this action. 29 U.S.C. § 2617 (a)(1)(A);

(f) for such further and additional relief as the Court deems just and equitable; and

(g) for trial by jury.

This <u>29th</u> day of December, 2011.

                            **ORR BROWN JOHNSON LLP**

| | |
|---|---|
| Post Office Box 2944 | <u>*s/Kristine Orr Brown*</u> |
| Gainesville, Georgia 30503 | Kristine Orr Brown (Ga. Bar No. 554630) |
| 770-534-1980 | E. Wycliffe Orr, Sr. (Ga. Bar No. 554500) |
| 770-536-5910 (facsimile) | |
| kbrown@orrbrownjohnson.com | |
| eworr@orrbrownjohnson.com | **ATTORNEYS FOR PLAINTIFF** |