## CONTRACT FOR REPRESENTATION AND FEE AGREEMENT

1. It is hereby agreed by and between Orr Brown Johnson LLP, Attorneys at Law (the "Attorneys") and **Diane Bradley** (the "Client"), that Attorneys will represent the Client in any and all retaliation and other claims (excluding unemployment claims) against J & J Foods, its owners, agents, employees, parent companies, subsidiaries or integrated enterprises resulting from Plaintiff's termination by J & J Foods.

2. **ATTORNEYS' FEES.** The Client hereby agrees to pay the Attorneys for the attorneys' work, attorneys' fees equal to twenty-five percent (25%) of the gross proceeds prior to the filing of EEOC charge of any recovery upon any of the claims set forth above and thirty percent (30%) of the gross proceeds if EEOC charge is filed, in addition to the case expenses due under paragraph three (3) below. **NO RECOVERY -- NO ATTORNEYS' FEES.** It is agreed and understood that this employment is upon a contingent fee basis, and if no recovery is made, the Clients will not owe the Attorneys any attorneys' fees; however, the case expenses incurred in the presentation of these claims will be due and payable by the Client regardless of the outcome.

3. **CASE EXPENSES.** In addition to attorneys' fees under paragraph two (2) above, it is understood and agreed that the Client will be responsible for all case expenses, including but not limited to long distance telephone calls, investigative expenses, photo copy costs, travel expenses at the current IRS allowable rate, including use of automobiles and private or commercial aircraft, and any other expenses incurred in representing the Client regarding these claims referenced herein. The Client further agrees that Attorneys shall submit to Client a monthly bill, detailing the out-of-pocket case expenses incurred by the Attorneys.

4. **RIGHT TO WITHDRAW FROM REPRESENTATION.** If after investigating this matter, or at any stage in the litigation, the Attorneys determine that they wish to withdraw from representation, the Attorneys may withdraw as counsel for the Client after giving written notice to the Client. If the Attorneys withdraw from representation, Client shall not owe the Attorneys any attorneys' fees.

5. **AUTHORITY TO COMPROMISE/SETTLE CLAIMS.** The Attorneys and the Client both agree that the claims may not be settled without the consent of the Client and the Attorneys.

6. **QUANTUM MERUIT.** In the event this agreement is terminated at the instance of the Client, in that event the Attorneys shall be entitled to recover from the Client all reasonable attorney fees for the work performed to the time of termination based upon the doctrine of quantum meruit.

7. **NO GUARANTEES.** It is understood that the Attorneys have made no guarantees or representations whatsoever to the Client as to what amount, if any, will be recovered as a result of the Attorneys' efforts.

8. **CLIENT(S) RIGHT TO DOCUMENTATION IN FILE.** Attorneys agree that at the conclusion of representation of Client(s), Client(s) shall be entitled to retrieve all original "client" documents, depositions, transcripts and other items in their file, excluding Attorneys' notes and other



office personnel notes taken during the course of Attorneys' representation of Client(s).  Client(s) authorize Attorneys' to dispose of Client(s) file not less than thirty (30) days after Client(s) file has been closed by Attorneys' and the requested material has been delivered to Client(s).

9.  **NOTICE OF CHANGES OF ADDRESS.**  If Client changes his/her place of residence after the date of execution of this Agreement, Client will notify Attorneys in writing of the address of his/her new place of residence, including any changes in telephone or facsimile numbers and other contact information **before** such change occurs but not later than seven (7) days of the time he/she assumes a new place of residence.

10.  **NOTICE OF FILING OF BANKRUPTCY.**  If Client, or a business organization wholly or partially owned by Client, files for bankruptcy under any provision of the United States Bankruptcy Code or any other law, Client shall promptly notify Attorneys of such filing not later than ten (10) days after the date of such filing.

11. **CHANGES TO AGREEMENT MUST BE IN WRITING.**  This Agreement and its terms set forth herein may not be changed except by written amendment.

This _13th_ day of January, 2010

_Diane Bradley_ (L.S.)

Diane Bradley

Accepted by:
ORR BROWN JOHNSON LLP

By:  _Kristine Brown_

Kristine Orr Brown